UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLEY A. SCHEMBRI,<br><br>Plaintiff,<br><br>v.<br><br>FBI HEADQUARTERS, *et al.*,<br><br>Defendants. | Case No.  2:23-cv-00183-DAD-JDP (PS)<br><br><br>ORDER |

Plaintiff has filed a complaint that appears to assert claims against the Federal Bureau of Investigation, the United States Marshals Service, the Drug Enforcement Agency, the United States Department of Justice, and the National Aeronautics and Space Administration. Her complaint, however, fails to state a claim. I will give plaintiff a chance to amend her complaint before recommending dismissal. I will also grant her application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere

1   possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not

2   identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

3   1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that

4   give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

5   n.2 (9th Cir. 2006) (en banc) (citations omitted).

6       The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404

7   U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it

8   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

9   would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

10   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

11   of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

12   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

14       Plaintiff alleges that her husband is in Redding, California, and she is in Pueblo, Colorado.

15   She claims that she requested help from each defendant—the FBI, U.S. Marshals Service, DEA,

16   U.S. DOJ, and NASA—so that she might reunite her with her husband, but none have

17   responded.[1] ECF No. 1 at 5. As compensation for defendants' failure to respond, she seeks

18   damages ranging from $500,000 to $999 trillion and asks that the damages be paid in gift cards.

19   *Id.* at 6-9.

20       Plaintiff's complaint does not identify any specific cause of action. I am unable, from her

21   conclusory allegations, to discern what claims she is attempting to assert. *See Jones v. Cmty.*

22   *Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some

23   degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.").

24       I will allow plaintiff a chance to amend her complaint before recommending that this

25   action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint

26   will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th

---

[1] Plaintiff filed two letters with the court, which I reviewed. ECF Nos. 3 & 4. Plaintiff is reminded that all necessary factual allegations must be contained in the complaint.

Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

        Accordingly, it is hereby ORDERED that:

        1.  Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

        2.  Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court she wishes to stand by her current complaint.  If he selects the latter option, I will recommend that this action be dismissed.

        3.  Failure to comply with this order will result in the dismissal of this action.

        4.  The Clerk of Court is directed to send plaintiff a new form complaint.

IT IS SO ORDERED.

Dated:    May 22, 2023                                                  
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3